H7016A (6/23)

| Information to identify the case: | |
|---|---|
| Debtor(s) **Pancakes of Hawaii, Inc.** | **United States Bankruptcy Court**<br>**District of Hawaii** |
| Parties FPA Kapiolani Associates LLC, | |
| Plaintiff(s) | |
| v. | |
| Pancakes of Hawaii, Inc., | Bankruptcy Case number: **23–00386**<br>Chapter: **11** |
| Defendant(s) | Adversary Proceeding No: **23–90008** |

# SCHEDULING ORDER IN ADVERSARY PROCEEDING

1. **TRIAL.** Trial in this matter will be held on February 5, 2025. Trial will commence at 09:30 AM in the courtroom at the United States Bankruptcy Court, District of Hawaii, 1132 Bishop Street, Suite 250, Honolulu, Hawaii. All participants must appear in person unless the court has approved a remote appearance as provided elsewhere in this order.

2. **DISCOVERY.** Unless the court orders otherwise, Rule 26 of the Federal Rules of Civil Procedure (made applicable by Fed. R. Bankr. P. 7026) applies. All discovery must be completed not later than September 8, 2024. For purposes of this provision, a deposition is completed when the examination of the witness is finished (even if the deposition has not yet been transcribed), and interrogatories, requests for production of documents and things, and requests for admissions are completed when the response thereto is due in accordance with the request and the applicable rule. All motions to compel discovery or for discovery sanctions must be heard not later than August 9, 2024.

3. **DISCLOSURE OF EXPERT TESTIMONY.** Each party shall disclose the identity and written disclosures of any person who may present expert evidence. Plaintiff(s) shall comply by June 10, 2024; Defendant(s) shall comply by August 9, 2024.

4. **MOTIONS**
    a. **Motions to Join or Amend.** Motions to join other parties or to amend may be filed not later than 28 days after the date of entry of this order.

    b. **Motions to Strike Jury Demand.** If a party timely demands a jury trial in this action, the deadline for another party to file a motion to strike the jury demand is 28 days after the date of this order or the date the demand is filed, whichever is later. Unless the court strikes the demand for a jury trial on motion by a party or on the court's own motion, or the parties stipulate to a nonjury trial, the court may recommend to the district court that reference of this proceeding be withdrawn.

    c. **Motions to Dismiss or for Summary Judgment.** Dispositive motions, including motions to dismiss or for summary judgment, must be filed not later than September 8, 2024.

    d. **Other Non–Dispositive Motions.** Any non–dispositive motion (not related to discovery issues) must be filed not later than November 7, 2024.

e. **Motions in Limine.** The court discourages motions in limine; parties should raise evidentiary issues in objections filed by the deadlines set in paragraph 7. In the rare instances where a motion in limine is necessary, they must be filed not later than 14 days before the trial date. The title of a motion or objection must clearly identify the subject matter. A response to a motion in limine may be filed not later than 7 days before the trial date.

5. **BRIEFS.** Not later than 14 days before the trial date, each party shall file and serve a brief discussing all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth concisely the party's position and the supporting arguments and authorities. Briefs exceeding 15 pages must include a table of contents and table of authorities.

6. **EXHIBITS.**
    a. **Marking.** The Plaintiff shall mark its exhibits with numbers starting with "1". The Defendant shall mark its exhibits with letters of the alphabet starting with "A". Contact the courtroom deputy for instructions if the Defendant's exhibits exceed 26 in number or if there are more than 2 parties to this litigation. To facilitate reference to a specific page, each party's set of exhibits should be continuously paginated ("Bates–stamped"). Refer to the **Trial Exhibit Procedures** posted at the court's website, www.hib.uscourts.gov, for more detailed instructions.

    b. **Exchange of Exhibits.** Not later than 28 days before the trial date, each party must serve on all other parties, but not file with the court, copies of all exhibits, including both evidentiary exhibits and illustrative aids.

    c. **Meet and Confer.** Not later than 14 days before the trial date, the parties must meet and confer to make a good faith attempt to resolve any objections to the admissibility of any exhibits. At the commencement of trial, the parties should be prepared to stipulate into evidence all exhibits as to which there were no objections.

    d. **Filing of Exhibits.** Not later than 7 days before the trial date, parties must file digital copies (PDFs) of their exhibits in CM/ECF, selecting the menu item **Miscellaneous Documents > Trial Exhibits**. Use of this menu item will restrict public access to the exhibits prior to their being admitted at trial. The exhibits must be attached to the local form **Exhibit List for Trial/Evidentiary Hearing**. A party not represented by a registered ECF User must submit paper copies of exhibits to the court not later than 7 days before the trial date. If any exhibit is larger than 8.5" by 11" in its original state, the electronic copy must be reduced to those dimensions and the party offering the exhibit must bring a sufficient number of full–sized paper copies to trial.

    e. **Use During Trial.** All exhibits will be presented digitally on courtroom monitors, except that oversized exhibits will be presented in paper form unless the court orders otherwise. Parties are responsible for bringing a laptop computer to present their exhibits electronically. The courtroom deputy will schedule a pretrial technical session with each party to test compatibility with the courtroom's presentation technology. Unrepresented parties may request the courtroom deputy to facilitate the presentation of exhibits during trial. For further information regarding presenting exhibits during witness examination, refer to the **Trial Exhibit Procedures** at the court website: www.hib.uscourts.gov.

7. **WRITTEN TESTIMONY.** Unless the court orders otherwise, all direct testimony must be presented in writing in advance of trial. Any objection to the procedures set forth in this paragraph must be filed within 14 days after entry of this order.

    a. Not later than 28 days before the trial date, the Plaintiff shall file and serve (i) one or more declarations, under penalty of perjury, containing all direct testimony that constitutes its case in chief, including appropriate foundational evidence for all exhibits to be offered, and (ii) comprehensive lists of their witnesses and exhibits (not the exhibits themselves).

b. Not later than 21 days before the trial date, the Defendant shall file and serve (i) one or more declarations, under penalty of perjury, containing all direct testimony that constitutes its case in chief, including appropriate foundational evidence for all exhibits to be offered, (ii) any evidentiary objections to the Plaintiff's declarations and exhibits, stated as concisely as they would be if stated orally at trial, (iii) a statement designating which, if any, of the Plaintiff's witnesses that the Defendant wishes to cross–examine, and (iv) comprehensive <u>lists</u> of the Defendant's witnesses and exhibits (not the exhibits themselves).

   c. Not later than 14 days before the trial date, the Plaintiff shall file and serve (i) one or more declarations, under penalty of perjury, containing all rebuttal testimony that it intends to offer, including appropriate foundational evidence for all rebuttal exhibits the Plaintiff intends to offer, (ii) any evidentiary objections to the Defendant's declarations and exhibits, stated as concisely as they would be if stated orally at trial, (iii) a statement designating which, if any, of the Defendant's witnesses that it wishes to cross–examine, and (iv) if there have been any changes, comprehensive final lists of the Plaintiff's witnesses and exhibits.

   d. Responses to any evidentiary objections are due 7 days before the trial date.

   e. If a party timely designates a witness for cross–examination, and that witness fails to appear at trial for cross–examination, the court will strike and disregard that witness's written direct testimony. This order does not, however, preclude a party from offering a statement of or testimony by an unavailable witness that is admissible under the Federal Rules of Evidence.

   f. A party may present a witness's direct testimony orally only if the witness is a hostile or adverse witness.

   g. Unless otherwise ordered, the court will not receive any evidence, consider any evidentiary objections, or allow any cross–examination that is not timely presented or requested in accordance with this order.

8. **ADVISORY ON PRIVACY POLICY.** The federal judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. Under this policy, parties must present only the last 4 digits of Social Security and financial account numbers, initials and not names of names of minor children, and the year but not the month or day of birth. Any confidential information presented during a hearing will, however, become available to the public when the official transcript is filed. Parties should avoid introducing this information into the record in the first place. If a restricted item is mentioned in court, a party may ask to have it stricken from the record or partially redacted to conform to the privacy policy, or the court may do so on its own motion.

9. **INTERPRETERS.** Not later than 28 days before the trial date, any party wishing to use an interpreter for the testimony of one or more witnesses must notify the courtroom deputy of such a request. The party wishing to use the interpreter must verify that the individual has been certified as an interpreter by the Director of the Administrative Office of the United States Courts and indicate whether the selection of the interpreter is agreeable to all parties. The requesting party's witness list must include the name of the interpreter and identify the parties whose testimony will be interpreted.

10. **REMOTE PARTICIPATION.** The court will consider individual requests to participate by videoconference by an attorney, party, or witness who is not physically located on the island of Oahu or for other good cause. <u>The request must be filed at least 28 days before trial and include a statement that the individual has the technical means to participate via zoomgov.com and will be available for a pretrial test of the connection.</u> Further instructions will be issued if an individual is permitted to appear by video. Any objections to an individual's remote participation must be filed within 7 days after the individual's request is filed.

11. **CONTINUING TRIAL.** The trial date will be continued only in extraordinary circumstances. The pendency of settlement negotiations or the desire to conduct additional discovery do not constitute extraordinary circumstances.

**SO ORDERED.**

Date: January 25, 2024

Clerk's Office:
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813
(808) 522–8100

Robert J. Faris
United States Bankruptcy Judge